## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.  RWT 10-654 |
| FRANESIOUR B. KEMACHE-WEBSTER | * | |
|  | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION TO PRECLUDE INTRODUCTION OF UNINDICTED CONDUCT

COMES NOW Defendant Franesiour B. Kemache Webster, by and through undersigned counsel, and respectfully requests that this Court preclude the Government from introducing evidence which purports to implicate Mr. Webster in uncharged sexual molestations of a minor.  In support of this Motion counsel states:

1.      Defendant is charged in a single count indictment with Use of an Interstate Commerce Facility to Entice Minor to Engage in Sexual Activity.  18 U.S.C. § 2422(b).

2.      On March 4, 2011 the Government informed counsel that:

this letter also provides notice that during trial in the above-captioned case...the Government intends to introduce evidence of the Defendant's physical and sexual assaults upon the victim for years prior to the Defendant's incarceration in March of 2009.[1]  The Government believes that this evidence is directly relevant to the charged offense, as well as the credibility of certain witnesses that will testify at trial.  Although the Government believes this evidence to be intrinsically intertwined with the pending indictment, the Government nonetheless provides notice of such evidence pursuant to Federal Rule of Evidence 404(b) in an abundance of caution.

---

[1]      This date appears to be a typo in that Mr. Webster was not incarcerated until March 2010.

<u>Id.</u>

3.      Counsel has received not even a scrap of paper in discovery as to these purported other physical and sexual assaults.  As such, Defendant cannot investigate them, interview witnesses, and provide any further factual argument in this pleading herein. Indeed, given that this conduct went on for "years," counsel would not know where to begin.

4.      Allowing the Government to introduce other crimes evidence on this basis provides an evidentiary short cut for the Government and lightens the burden of proof as to the crimes actually charged by the wholesale introduction of propensity evidence. Treating all prior acts similar to charged crime as intrinsic or inextricably intertwined and therefore outside Rule 404(b)'s requirements simply relieves the prosecution of Rule 404(b)'s notice requirement and the Court of the obligation to give appropriate limiting instruction.  *United States v Bowie* 232 F.3d 923 (D.C. Cir. 2000). *But see, United States v. Lipford*, 203 F.3d 259 (4th Cir. 2000) (recognizing admissibility of other crimes evidence if it is intrinsic to an element of a charge).

5.      Mr. Kemache-Webster submits that the evidence in relation to the assaults, when it is furnished, will show that it is not intrinsic nor inextricably intertwined with the charged offense. Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident, provided that upon request by the accused, the prosecution in a criminal case shall *provide reasonable notice in advance of trial*, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(emphasis added).

6.    First, as a threshold matter, the Government has not provided reasonable notice of its intention to introduce the substance of these other crimes as other crimes evidence. Courts have determined that the Notice must be sufficient to enable Defendants to prepare for trial. See *United States v. Byers*, 2009 U.S. Dist. LEXIS 8793 (D. Md. Feb. 6, 2009) ("The government provided notice and discovery related to the [404B] Coleman shooting in October of 2008--several months before the scheduled trial date in March of 2009. This is more than a "reasonable" amount of notice under Rule 404(b)").  The provision of discovery of other crimes is not sufficient to satisfy the Notice requirement of Rule 404(b).  *United States v. Spinner*, 152 F.3d 950, 961 (9th Cir. 1998).  Here, we do not even have that, and trial is some three (3) weeks away.  In general, the notice requirement of Rule 404(b) is intended to provide "additional protection" on top of Rule 403's limitation on overly prejudicial evidence and the role of limiting instructions for criminal defendants seeking to limit the unfettered submission of uncharged misconduct to the jury.  *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004).

7.    As for the substantive analysis, "Evidence of other crimes is not admissible to prove bad character or criminal propensity."  *United States v. Day*, 269 Fed. Appx. 326, 328

3

(4th Cir. 2008).  Fed. R. Evid. 404(b) evidence is admissible only if it passes the four part test

articulated in *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant ... (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

Id.  In this case, there is no indication to which element these uncharged crimes are relevant.

Similarly, there is arguably no element of the Government's case which cannot be proved

without these uncharged acts, given the extent of the Government's indictment as it stands.

 The Government has offered no indication of what testimonial, documentary, or scientific

proof it intends to use in support of these uncharged acts – thus its reliability remains a

mystery.[2]  Finally, as discussed below, the enormously prejudicial weight of this evidence

will far outweigh any probative value the Government may assert.

8.      Defendant submits that the admission of the evidence of multiple assaults of

a child that is Defendant's daughter under 404(b) would be tantamount to inviting the jury

to treat the evidence as propensity evidence, which the rule does not permit. Even if the

Court finds that the evidence has some relevance to the charged offenses in this case, the

---

[2]Mr. Kemache-Webster requests a hearing at which the Government can proffer its proof of these matters and this Court can determine its reliability.

analysis does not end there. The second part of the analysis requires a determination if the probative value of the evidence is substantially outweighed by the unfair prejudice likely to be caused by that evidence. Federal Rule of Evidence 403. Thus, the evidence should be excluded under the Rule 403 balancing test in any event. It is highly likely that the jury here would give undue consideration to the uncharged purported conduct and likely would find the defendant guilty of the charged offense because of the "other crimes" evidence, rather than what he was indicted for. More than violating the rules of evidence, allowing the Government to shoehorn in the proposed evidence that it could have but did not include in the indictment for reasons perhaps of problems with proof would prejudice Mr. Kemache-Webster to the extent that his rights under the Due Process Clause of the Fourteenth Amendment would be violated. *Payne v. Tennessee*, 501 U.S. 808 (1991) (Fourteenth Amendment prohibits introduction of evidence "so unduly prejudicial that it renders the trial fundamentally unfair."); *Darden v. Wainwright*, 477 U.S. 168, 179-183 (1986). Mr. Kemache-Webster cannot possibly be given a fair trial which requires the Government to one crime beyond a reasonable doubt, but allows for the unfettered admission of evidence regarding many more.

WHEREFORE, Mr. Kemache-Webster respectfully requests that the Government be precluded from introducing other crimes evidence either on the grounds that it is "inexorably entwined" with or "intrinsic" to the proof of the charged offenses, or as other crimes

5

evidence under Rule 404(b).

Respectfully Submitted,

_____/s/_____
Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
Baltimore, Maryland 21211
(410) 444.1500

## CERTIFICATE OF SERVICE

I hereby certify that on this date, March 7, 2011, a copy of the foregoing was

served on counsel of record electronically.

_____/s/_____

Gary E. Proctor