IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| FRANESIOUR B. KEMACHE-WEBSTER, | * | CRIMINAL NO.  RWT 10-654 |
|  a/k/a BRYAN WEBSTER | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**GOVERNMENT'S MOTION *IN LIMINE* TO
EXCLUDE PRIOR SEXUAL HISTORY**

Comes now the United States of America, by and through its counsel, and respectfully moves this Court to exclude any evidence relating to the prior sexual history of the alleged victim.

## PROCEDURAL BACKGROUND

The defendant is charged in a one-count Indictment arising from his persuading, inducing, coercing, and enticing his biological daughter to engage in an illegal sexual activity, specifically incest, in violation of 18 U.S.C. § 2422(b), Coercion and Enticement of a minor.

## ARGUMENT

**I.    Any Evidence of the Victim's Prior Sexual History is Barred by FRE 412.**

      A.    <u>Relevance of Alleged Victim's Past Sexual Behavior under Federal Rule of Evidence 412</u>

Evidence of the victim's prior sexual history and alleged sexual predisposition is barred from use by Fed. R. Evid. 412, which states:

> The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c): (1) evidence offered to prove that any alleged victim engaged in other sexual behavior; (2) evidence offered to prove any alleged victim's sexual predisposition.

1

Rule 412 aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders. Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim. *See* Advisory Committee Notes to Fed. R. Evid. 412.

The Rule sets forth three limited exceptions to the use of this type of evidence in criminal cases under section (b)(1): (A) specific instances of sexual behavior offered to prove that a person other than the accused was the source of semen, injury or other physical evidence; (B) specific instances of sexual behavior offered by the accused to prove consent; and (C) evidence that the exclusion would violate the defendant's constitutional rights. *See e.g., United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000) ("[I]mpeaching the victim's truthfulness and showing her capability to fabricate a story are not recognized exceptions to Rule 412.") (internal citation omitted). None of these exceptions apply to this case.

Subsection (A), which demands that the specific instances of sexual behavior be submitted by the defense only to prove that a person other than the defendant was the source of semen, injury, or other physical evidence, is inapplicable. The government has not charged the defendant with an offense requiring physical proof of sexual contact between himself and the victim. The evidence is therefore irrelevant and cannot qualify as an exception under Subsection A.

2

Subsection (B) is equally inapplicable, as the victim could not have legally consented to engage in sex with her biological father. Whether the victim had a prior sexual history - or even a predisposition to engage in the sex act at issue, which the government *does not* concede - is simply not a defense to the crime with which the defendant is charged. Impeaching the victim's truthfulness and stowing her capability to fabricate a story are not recognized exceptions to Rule 412. See *United States v. Torres*, 937 F.2d 1469 (9th Cir. 1991) (evidence of incident that occurred approximately six months after alleged aggravated sexual abuse of victim was not admissible under Rule 412 and court rejected defendant's argument that this evidence was admissible because it was relevant to victim's credibility); *United States v. Richards*, 118 F.3d 662 (8th Cir. 1997).

Finally, barring the defense from questioning the victim about any prior sexual history would not violate the defendant's constitutional rights under Subsection (C). The constitutional right to introduce evidence in one's defense is not unlimited, and must bow to other legitimate interests. *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991). Again, the victim in this case was the 16-year-old biological daughter at the time of the offense and therefore could not legally consent to engaging in sexual activity with her father. To establish a violation of 18 U.S.C. § 2422(b), the government need only prove that the defendant persuaded, induced, coerced or enticed his biological daughter to engage in a sex act or was attempting to do so. Furthermore, it is simply irrelevant whether another individual *also* victimized the minor either before or after the defendant.[1] *See United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (finding that there was no Fifth Amendment due process

---

[1] Through the evidence in the case, the Government believes that Defendant may allege that the victim was victimized by another adult years before the dates alleged in the Indictment. As *Elbert* makes clear, such accusations are no different under Rule 412 than any other allegations of prior sexual activity involving the victim.

violation, reasoning that "[w]hether the children engaged in acts of prostitution before or after their encounters with Elbert is irrelevant, and would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act.").

Courts have held that for the purposes of Rule 412, the term "past sexual behavior" includes all sexual behavior of the victim that precedes the date of trial, even if that behavior occurred after the alleged assault. See *Torres*, 937 F.2d at 1469. Therefore, the government's request to exclude all post-offense sexual behavior of the victim, including any post-offense sexual conduct, within the ambit of this rule. In *Torres*, the Ninth Circuit affirmed the applicability of Rule 412 in a sex abuse case to bar the defendant from cross-examining the witness regarding a sexual incident that took place approximately six months after the charged offense. *Id.* at 1473. The court noted that this evidence was irrelevant, did not fall within any of the exceptions of Rule 412 and that the trial court thus did not abuse its discretion in barring the defendant from cross-examination on the victim's sexual history. *Id.* In reaching this conclusion, the court again reiterated the notion that the right to cross-examination is not unlimited and that trial judges retain wide latitude insofar as the Confrontation clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. *See id.*, quoting *United States v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Numerous courts have found that it is not an abuse of discretion to limit or prohibit defense counsel's cross-examination of witnesses on their past sexual experiences when such testimony would be more prejudicial than probative, or lacks relevance to the alleged sexual offense. *See*, *United States v. Anderson*, 139 F.3d 291 (1st Cir. 1998), cert. denied, 119 S.Ct. 158 (1998) and

*United States v.Griffith*, 284 F.3d at 338 (2d Cir. 2002) (evidence of past sexual behavior of victims inadmissible in transportation of minors for purposes of prostitution case); see also *Agard v. Portuondo*, 117 F. 3d 696, 702 - 703 (2d Cir. 1997) (no violation of Confrontation Clause or Due Process where cross-examination questions were limited regarding victim's prior experience with anal intercourse because of highly prejudicial nature of testimony) rev'd on other grounds J2, 529 U.S.61, 120 S.Ct. 1119 (2000); *United States v. Bittner*, 728 F.2d 1038, 1042 (8th Cir. 1984) (no abuse of discretion in preventing cross-examination of witness regarding prior sexual incident with boyfriend for relevance and prejudicial reasons).

In *Anderson* and *Griffith*, the defendants were convicted of transporting individuals in interstate commerce with the intent that these persons engage in prostitution. *See Anderson*, 139 F. 3d at 291 and *Griffith*, 284 F. 3d at 342. The Second and First Circuits upheld the district courts' decisions to limit the questioning of the minor victims concerning their relationships with men, sexual history and even prior drug use. *Anderson* 139 F.3d at 303 and *Griffith* 284 F.3d at 351 - 352. The courts reasoned that the limitations were not a violation of the defendants' Sixth and Fourteenth Amendment fair trial rights since the cross-examination would be irrelevant in proving the alleged offenses. Likewise, in *Bittner*, it was found that the trial court did not abuse its discretion in prohibiting the cross-examination of a witness regarding a past sexual incident with a boyfriend in a kidnaping case. 728 F.2d at 1042. The court reasoned that the prior sexual incident was more prejudicial than probative and was not relevant to the alleged offense. *Id.; see also United States v. Ramone,* 218 F. 3d at 1229, 1234 (10th Cir. 2000) (in prosecution under 18 U.S.C. §§ 2422(b) and 2423 (b), refusal to allow defendant to cross-examine minor victim as to unrelated encounter with another man she met on the Internet did not violate defendant's Sixth Amendment rights to

5

confrontation since evidence was substantially more prejudicial than probative); *United States v. Byrne*, 171 F.3d 1231, 1234 (10th Cir. 1999) (in aggravated sexual abuse case, evidence concerning victim's alleged acknowledgment of prior unusual sexual practices was properly excluded).

In the present case, defense counsel's attempt to introduce evidence regarding any past sexual experiences the victim may have had, including any allegations of sexual abuse by any other adults, should be prohibited since it is irrelevant, is more prejudicial than probative, and is barred by Rule 412.[2] Not only are any such experiences completely unrelated to the current charge, and thus irrelevant, but the questioning of the victims' sexual behavior certainly raises all of the concerns expressed by Congress when it enacted Rule 412. Put simply, the victim's prior sexual history, to include any other illegal sexual acts or allegations thereof, have no relevance whatsoever as to whether the defendant did or did not commit the acts alleged in the Indictment, does not contribute to any type of defense, and therefore violates no constitutional right.

> B. <u>Fed. R. Evid. 412 Further Prohibits Potential Evidence Of Prior Sexual History, As Defendant Has Failed To Satisfy The Notification Requirements Of The Rule</u>.

Regardless of the Court's analysis as discussed above, the evidence is also inadmissible as Defendant has failed to satisfy the required the procedures outlined in subsection (c) of Rule 412. This subsection sets forth the procedure to determine admissibility as follows:

> (1) A party intending to offer evidence under subdivision (b) must (A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and (B) serve the motion on all

---

[2] As set forth in the caselaw cited above, Fed. R. Evid. 412 makes no differentiation between evidence of prior sexual activity that is introduced through the victim as opposed to through any other witness. The substance of that evidence creates the policy concerns which the rule is intended to address, not the means through which it is introduced.

> parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative. (2) Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

As Defendant has filed no such motion before the Court, he has failed to satisfy these requirements and the evidence must further be barred at trial.

## II.     Federal Rules of Evidence 402 and 403

Moreover, such evidence has no relevance and presents a substantial risk of unfair prejudice, and, therefore, must be excluded under Federal Rules of Evidence 402 and 403, which provide a threshold analysis for admissibility of evidence. First, Fed. R. Evid. 402 provides that all relevant evidence is admissible, or stated in the converse, irrelevant evidence is inadmissible. If potential evidence makes it past that admittedly low threshold, Fed. R. Evid. 403 further provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, the potential evidence is simply irrelevant; any modicum of probative value to be gained from it would easily be substantially outweighed by the prejudicial effect.

At the outset, because the victim's prior or subsequent sexual history does not support a defense, evidence of any prior sexual history has no probative value. It also serves no impeachment purpose, as it in no way tends to negate any element of the charged offense nor a witness's testimony as to those elements. Under Rule 403's required balancing test, any further inquiry into details of the minor's sexual history would only serve as an unwarranted intrusion into the victim's private life, and be designed to embarrass the victim. Given the age of the victim, such evidence could

potentially create unfair prejudice, risk confusion of the issues and mislead the jury. Therefore, any such history is properly excluded under Fed. R. Evid. 402 and 403.

## CONCLUSION

Wherefore, the government requests that the Court issue an order in accordance with the above requests.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
LisaMarie Freitas
Special Assistant United States Attorney

Stacy Belf
Assistant United States Attorney