## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   CRIMINAL NO.  RWT 10-654 |
| FRANESIOUR B. KEMACHE-WEBSTER, | * |
| a/k/a Bryan Webster, | * |
| | * |
| Defendant | * |
| | * |
| ******* | |

### GOVERNMENT'S EMERGENCY MOTION TO QUASH SUBPOENA

The United States of America, through undersigned counsel, hereby moves this Court for an Order quashing the subpoena requiring testimony at the pre-trial motions hearing by the victim in this case, the Defendant's 16-year old daughter.  No factual issues requiring the victim's testimony, the Defendant is not entitled to test the Government's evidence in advance of trial, and the Court should not sanction Defendant's efforts to harass the witness.

### BACKGROUND

On October 24, 2010, a federal grand jury sitting for the District of Maryland indicted Franesiour B. Kemache-Webster on one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). The Indictment alleges that between May and August 2010, Defendant Kemache-Webster did knowingly use and attempt to use a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice and coerce an individual, specifically his 16-year old daughter, to engage in sexual activity for which any person could be charged with a criminal offense, namely incest.  As set forth in the Affidavit attached to the criminal complaint, Defendant solicited his 16-year old daughter for sexual activity, including planning to impregnate her upon his release.

Despite his arrest for the instant offense, the Defendant attempted to continue contact with the victim, including attempts to tamper any potential testimony in this Court. *See* Government's Mtn. to Modify Detention Order And Prevent Contact with the Victim, Docket No. 21, ¶ 2. The Court then issued a Protective Order, prohibiting Defendant's contact with his minor daughter directly or indirectly, except through counsel. *See* Order of the Court dated November 29, 2010, Docket No. 23. Despite the Court's Order, the Defendant has continued to attempt contact with the child, including three separate attempts to call her from jail in Washington, D.C. during December 2010 and January 2011.

On March 7, 2011, Defendant filed four motions seeking pre-trial relief, namely motions for a bill of particulars, Docket No. 42; to transfer venue, Docket No. 43; to preclude introduction of unindicted conduct, Docket No. 41; and to determine what Impeachment may exist in the event the Defendant elects to testify, Docket No. 44. The following week, March 15, 2011, Defendant filed several additional motions *pro se*, including a Motion to Dismiss Indictment for Selective Prosecution, alleging that the Government was deficient in failing to prosecute his minor daughter for various crimes. Docket No. 49, ¶ 2. The Defendant also filed a *pro se* Motion in Limine contesting the admissibility of his prior sexual relationship with his daughter, when she was 14 and 15 years of age, disputing *inter alia* whether "the Defendant and the victim/witness (daughter of the Defendant), had willingness to engage in criminal activities on other occasions, and to show that the Defendant and victim/witness, knew of the criminal objectives alleged in the instant offense." Docket 50 at 4.

On March 18, 2011, undersigned counsel received a handwritten letter from Defendant. In that letter, the Defendant requested a meeting with Government counsel "while my daughter is present." Letter from the Def. dated March 15, 2011, Docket 57 at 3. The Defendant also

2

discussed whether he and his daughter intended to commit a crime in their communications and contested whether any information provided by the victim is "fully true." *Id.* at 1-2.

On Saturday, March 19, 2011, a private investigator working on behalf of the Defendant approached the minor victim at her home without her mother present. Without the permission of her custodial parent and after extracting her from the presence of the adult in the home, the investigator interrogated the victim. The Defendant's investigator went so far as to deride the child's expected testimony and tell her that she would be to blame for her father's eventual sentence, potentially of 20 years incarceration. After the hostile interview, the investigator served the victim with a subpoena for the motions hearing set in this case for Thursday, March 24, 2011.

The victim's mother contacted Postal Inspectors and expressed concern about the interview. Upon learning of the victim's subpoena, undersigned counsel contacted counsel for the Defendant and inquired as to the subject matter to which the minor victim would be testifying at the motions hearing. Counsel indicated that he intended to introduce testimony from the victim regarding the motion to transfer venue, specifically regarding where certain calls and emails were received. Counsel also stated that since she would be testifying anyway, he would elicit the child's testimony as to the additional sexual activity the Defendant engaged in with her, purportedly for purposes of his motion relating to evidence under Rule 404(b).

3

**ARGUMENT**

**THE COURT SHOULD QUASH DEFENDANT'S SUBPOENA
FOR THE VICTIM'S TESTIMONY**

  **A.**  **The Court Has The Authority To Quash the Subpoena.**

In a criminal case, the United States "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests," including the Government's interests in avoiding harassment to witnesses and undue prejudice to its case. *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982); *United States v. Orena*, 883 F.Supp. 849 (E.D.N.Y. 1995). In considering a motion to quash, the trial court may consider: (1) whether the subpoena was issued primarily for purposes of harassment; (2) whether there are other viable means to obtain the same evidence; and (3) the extent to which the information sought is relevant, nonprivileged, and crucial to the moving party's case. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003). This Court may alter or quash a subpoena for testimony issued under Rule 17, *see, e.g., In re Nwamu*, 421 F.Supp. 1361, 1365 (S.D.N.Y.1976), and that decision to quash is reviewed only for an abuse of discretion. *Gevinson v. United States*, 358 F.2d 761, 766 (5th Cir. 1966).

  **B.**  **The Minor Victim's Testimony Has No Bearing On the Pending Motions.**

None of the pending defense motions require the victim's testimony. Defendant's first motion, for a bill of particulars, requires the Court to analyze the sufficiency of the Indictment and to determine whether the indictment, together with discovery and other information provided by the Government, sufficiently notifies the Defendant of the accusation he must meet and to protect him from double jeopardy. Defendant has not proffered any testimony from the victim that is relevant to this determination.

Defendant's second motion seeks a transfer to the District of Columbia or Illinois, pursuant to Fed. R. Crim. P. 21(b).  As Defendant acknowledges, the rule incorporates the ten factors recognized by the Supreme Court in *Platt v. Minnesota Mining and Mfg. Co.*, 376 US 240, 243-44 (1964):

> (1) location of [ ] defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of Defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

Again, no testimony from the victim is relevant to the Court's analysis of these factors.  The Defendant's current place of incarceration is not disputed, nor is the victim's present domicile in Maryland – as demonstrated by the ability of defense counsel's investigator to find her and serve her with a subpoena.   Similarly, the location of the events likely to be in issue – Defendant's communications from prison in Illinois to the victim in Maryland – is not disputed and requires no pretrial testimony from the victim.  Materials provided in discovery demonstrate without question that the overwhelming majority of the communications were received at the victim's home in Silver Spring.  Should any ambiguity remain, such as where a stray email or cellular call was received, that information is equally available from sources other than the child witness, such as toll records or IP address logs available from the service providers.  Needless to say, the victim has no relevant testimony to provide concerning any of the other *Platt* factors.

Moreover, to the extent Defendant may raise lack of venue as a trial defense, he is not entitled to a pretrial evidentiary hearing to challenge the Government's proof.  *See Russell v. United States*, 369 U.S. 749, 791 (1962) ("[W]hether or not the Government has established its case ... is something that must be determined on the record made at the trial, not upon the

5

allegations of the indictment. There is no such thing as a motion for summary judgment in a criminal case."). This principle applies to venue as much as any elements of the offense. *See United States v. Ohle*, 678 F.Supp.2d 215, 231-32 (S.D.N.Y. 2010) ("The Government need only allege that criminal conduct occurred within the venue, even if phrased broadly and without a specific address or other information, in order to satisfy its burden with regard to pleading venue.") (citations omitted).

Defendant's third motion relates to Defendant's motion to exclude evidence of his other sex crimes against his daughter. Pursuant to the notice provisions of Fed. R. Crim. P. 404(b), the Government has provided a summary of that testimony, which the Court will consider in determining whether to permit such evidence, should the Government seek to present it. Moreover, Defendant has received substantial discovery, including the disclosure of the Defendant's numerous communications about sexual acts to the victim and her responses, and has a copy of a recorded interview in which the victim details the sexual acts her father performed upon her before his incarceration in 2010. Against that background, the present subpoena is little more than an attempt to take a courtroom deposition from the victim prior to trial – a deposition that would be unnecessary, harassing, and contrary to the rules governing discovery in criminal cases. Rule 17 may not be used a discovery tool in this manner. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220-221 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . .").

Defendant's final motion relates to the scope of permissible impeachment in the event he elects to testify. It is self-evident that the victim's testimony would have no relevance to this motion.

In sum, the victim's testimony is not necessary for or relevant to the resolution of any motion filed by defense counsel.[1] For that reason alone, the subpoena should be quashed. Moreover, the additional facts surrounding this case – the Defendant's obstructive and misleading conduct towards the witness, his bizarre request for a proffer with her present, and his heavy-handed efforts to have an investigator berate the witness and interrogate her outside of the presence of her mother or any other adult – make clear that his true goal is harassment and intimidation.

## CONCLUSION

For these reasons, the Court should quash the subpoena issued to the minor victim in this case.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:   /s/_____
Stacy Dawson Belf
Assistant United States Attorney

LisaMarie Freitas
Special Assistant United States Attorney

---

[1] For the reasons described in our earlier pleading, we do not address Defendant's inappropriately-filed *pro se* motions.