**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| | * | |
| v. | * | Case No.: RWT 10cr0654 |
| | * | |
| **FRANESIOUR KEMACHE-WEBSTER,** | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION

On September 14, 2010, a Criminal Complaint was filed charging Defendant Franesiour B. Kemache-Webster with using the mail and means of interstate commerce to coerce and entice a minor to engage in criminal sexual activity in violation of 18 U. S. C. § 2422. ECF No. 1. The minor victim is alleged to be a daughter of the Defendant, and the underlying criminal conduct is incest. On October 25, 2010, Defendant was indicted on this charge. ECF No. 14.

On October 18, 2010, the Court appointed Andrew Carter, an Assistant Federal Public Defender for the District of Maryland, to represent Defendant. ECF No. 7. Carter filed a Motion to Suppress Statements and Derivative Evidence on Defendant's behalf. ECF No. 18.

On November 22, 2010, Defendant sent a letter to Magistrate Judge William Connelly requesting Carter be removed as his Court-appointed counsel. ECF No. 24. Defendant stated: "I and my counsel can not [*sic*] come to <u>NO</u> type of resolve. It's becoming very detrimental." *Id.* at 1. Defendant acknowledged that Carter "had over 10 years of law experience," but claimed "<u>I do not</u> feel that I can receive a proper and feesable [*sic*] representation with him because of the type of case that this is addressed as, and the complexity that it is consistantly [*sic*] presenting

based on the way it is being addressed, presented, allocated and pieced together, with a agregious [*sic*] amounts of untruths being issued to and at my 16 year old daughter to put this case and other additional matter together." *Id.* at 2. Defendant continued,

> "I would like to relieve him (my counsel) of his duties because, it has been brought to my attention, that due to the brevity of some of the continuous problems, strictures and circumstances of the case that are going on, it does make me feel deeply and assuredly very very uncomfortable as a client; <u>NOT</u> with just the fact of <u>not</u> being in the loop, but to present to counsel present information that should have been presented to me first, <u>NOT</u> the other way around, when it's information, evidence on circumstances, something that I knew or know of, that no one else could, could or should have notice of but self. It's just <u>NOT</u> ethical." *Id.* (emphasis in original).

Despite the incoherence of Defendant's complaints regarding Mr. Carter's representation, Mr. Carter visited Defendant at the Central Treatment Facility Detention Center in the District of Columbia in order to try to address his concerns. ECF No. 27 at 1. Despite his efforts to allay any concerns Mr. Kemache-Webster might have regarding his representation, Mr. Carter's "visits were to no avail." *Id.*

Judge Connelly held an attorney inquiry hearing on December 13, 2010 and granted Defendant's request to appoint new counsel. ECF No. 26. On December 27, 2010, Judge Connelly informed Defendant that the Court had appointed Gary Proctor to represent him. ECF No. 31.

Only three days after his appointment, Mr. Proctor requested funds in order to employ an investigator in Defendant's case. ECF No. 32 at 2. The investigator employed by Mr. Proctor is female. Mr. Proctor reviewed thousands of pages of discovery and requested additional Court-approved funds to employ a psychologist to examine Defendant. ECF No. 34. Despite Mr. Proctor's diligent efforts in preparing for Mr. Kemache-Webster's defense, Defendant moved for Mr. Proctor's withdrawal in a motion received in chambers on February 23, 2011.

ECF No. 36.  In support of his motion, Defendant asserted that "Counselor of Record and litigate [*sic*] are, had and continuously have various crossed referenced views of opinion, disagreements and opposed conversations in working together as counsel and client that no conclusion of resolve can be or shall ever be made as a resolve."  *Id.* at 1.  Mr. Kemache-Webster requested that counsel "whom can better, more appropriately represent . . . Mr. Kemache-Webster, be appointed . . . "  *Id.*

Judge Connelly held a second attorney inquiry hearing on February 28, 2011, and denied Defendant's request to discharge Mr. Proctor as counsel.  ECF No. 37.  Defendant's primary complaint about Mr. Proctor was that Mr. Proctor was male, and he felt that a female attorney would be more effective in representing him in a sex crimes prosecution.

The Court held an in-Chambers status conference that same day and scheduled Mr. Kemache-Webster's trial to begin on March 29, 2011.  ECF No. 38.

Mr. Proctor continued to provide Defendant with zealous representation after this case was set for trial.  On March 7, 2011, Mr. Proctor filed four pretrial motions on behalf of Mr. Kemache-Webster seeking to exclude the introduction of Mr. Kemache-Webster's unindicted conduct at trial, to compel the Government to provide Defendant with a Bill of Particulars, to transfer the case to the District of Columbia, and to exclude the introduction of impeachable conduct should Defendant decide to testify at trial.  ECF Nos. 41-44.  At the same time Mr. Proctor was filing pretrial motions on Mr. Kemache-Webster's behalf, Defendant was filing *pro se* pretrial motions.  *See* ECF Nos. 47-50.  Among these motions was another *pro se* motion seeking Mr. Proctor's withdrawal as counsel and appointment of a new attorney.  ECF No. 47.

In his second motion urging Mr. Proctor's withdrawal, Defendant recounted two meetings between himself and Mr. Proctor at the Central Treatment Facility in December 2010 and January 2011, and complained that at the first meeting, "several false truths were recognized many unwarranted statements were made, but even worst [*sic*] the aggression, agitation and disrespect was not going to be accepted or tolerated, the counsellor was asked immediately to be removed from defendants instant offense case." *Id.* at 2. The second meeting between Defendant and Mr. Proctor at CTF was also unpleasant. Mr. Proctor read the Defendant the plea agreement offered by the Government, after which the conversation became contentious. *Id.* at 3. Defendant complained that Mr. Proctor treated him "without trepidation of the defendants feelings or reactions to the slander; as well as several other supercilious remarks and actions to continuously take place, prior to movant-litigant removing himself from the counsel of records vexatious line of sight." *Id.*

Judge Connelly held an attorney inquiry hearing—Mr. Kemache-Webster's third—on March 16, 2011. ECF No. 53. Defendant again protested that he could not be given a fair trial unless he was represented by female counsel. Judge Connelly reiterated to Defendant that attorneys are not appointed on the basis of their gender, but nonetheless Gwendolyn Waters was enlisted to serve as co-counsel in this case. Ms. Waters entered her appearance the next day. ECF No. 55.

On March 23, 2011, Mr. Proctor filed a motion to continue Defendant's trial to allow for DNA paternity testing of the minor victim and Defendant. ECF No. 61. Because Defendant is charged with using a means of interstate commerce to entice a minor to commit incest, Mr. Proctor's request for DNA testing sought to uncover any possible evidence that Defendant and the victim are not related.

On March 24, 2011, the Court held a hearing on all pretrial motions. At that hearing, Mr. Proctor zealously argued the merits of the pretrial motions he had filed on Defendant's behalf. The Court denied Defendant's motion to continue the trial, but deferred ruling on Defendant's request for DNA testing. ECF No. 71. On March 25, 2011, the Court continued the trial after determining that Defendant was entitled to perform DNA testing to attempt to disprove his paternity, and that such testing could not be completed by the first day of trial. ECF No. 72. The trial was continued until April 19, 2011.

On April 1, 2011, the Government moved to compel disclosure of a complaint filed by Defendant Kemache-Webster against Mr. Proctor with the Maryland Bar Counsel. ECF No. 75. Mr. Proctor opposed this motion, noting that such complaints are confidential by law. ECF No. 76 at 1. Mr. Proctor also informed the Court that he had recently received a letter from Defendant wherein he asked Mr. Proctor, Ms. Waters, and their investigator to remove themselves from his case. ECF No. 76 at 2. Mr. Proctor raised the issue of whether Defendant's filing of a complaint against him with the Maryland Bar Counsel might arguably create a conflict of interest that would render Mr. Proctor's continued representation of Defendant improper, and deferred to the Court for resolution of the issue. *Id.*

On April 5, 2011, the Court directed counsel for Defendant to file under seal, for the Court's *in camera* review, both a copy of the complaint filed by Defendant with the Maryland Bar Counsel and the letter received by counsel from Defendant requesting that counsel and their investigator remove themselves from this case. ECF No. 80. On April 11, 2011, the Court received in chambers a letter from Defendant also requesting that a new attorney be appointed for him. A copy of this letter will be filed separately as a sealed document.

The Court has carefully reviewed all of these documents *in camera* and finds that any concern that a conflict of interest inheres in Mr. Proctor's continued representation of Defendant is completely unfounded. The complaints about Mr. Proctor to the Maryland Bar Counsel are essentially the same type of vague and incoherent complaint presented to, and properly rejected by, Judge Connelly. They are devoid of any merit whatsoever, and are a transparent effort to use the vehicle of a frivolous bar complaint in an effort to overturn a decision of Judge Connelly. Such a tactic simply cannot be tolerated without a significant disruption to the orderly processes of this Court.

In *United States v. Burns*, 990 F. 2d 1426 (4th Cir. 1993), the Fourth Circuit upheld a trial court's refusal to appoint new counsel after the defendant filed a grievance against his appointed attorney with the North Carolina State Bar. The Fourth Circuit explained that "although an indigent defendant has an absolute right to have counsel appointed to represent him, the Sixth Amendment does not guarantee representation by a lawyer in whom the defendant reposes special confidence or with whom the defendant is able to establish a 'meaningful relationship.'" *Id.* at 1437 (internal citations omitted). The Court rejected Defendant's ineffective assistance of counsel claim, holding that Defendant's filing of a state bar grievance did not create a presumption of a conflict of interest between Defendant and his counsel. The Fourth Circuit held that a conflict arising between a lawyer and his client in an entirely separate proceeding, one that had no bearing on the lawyer's ability to zealously represent the client at trial, did not give rise to an ineffective assistance of counsel claim. *Id.* at 1438.

Mr. Proctor is a distinguished and highly respected member of the bar of this Court. He has provided zealous representation to Mr. Kemache-Webster throughout several months of criminal proceedings in this Court. Mr. Proctor and his defense team—which now consists of

himself, a female co-counsel and a female investigator—have interviewed witnesses, reviewed voluminous discovery, prepared and filed multiple, substantive pretrial motions, and argued those motions vigorously before this Court. In addition, Mr. Proctor sought and obtained the DNA testing of the minor victim and the Defendant, the results of which may arguably provide Mr. Kemache-Webster with his strongest defense at trial. Mr. Proctor did all of this while Mr. Kemache-Webster was actively seeking to have him removed as counsel, as he had with Mr. Carter. The Court has absolutely no doubt that Mr. Proctor will continue to zealously represent Defendant at his impending trial, which will begin as scheduled on April 19, 2011.

Whether Defendant is motivated in his repeated attempts to obtain new counsel by a desire to delay his trial or whether he feels an unfounded antipathy toward the attorneys this Court has appointed to represent him is of no moment. As the Fourth Circuit directed in *Burns*, Defendant is not entitled to court-appointed counsel in whom he reposes special confidence; he is entitled to competent counsel who will provide zealous representation. This he has been provided. The patience of the Court is not limitless. Mr. Kemache-Webster should prepare to proceed with trial on April 19, 2011, and is urged to utilize the able counsellors provided to him. No basis exists for replacing Mr. Proctor, and Defendant has been afforded his Sixth Amendment right to counsel. If Defendant is not satisfied, he is always free to retain private counsel.

Finally, the Court can find no reason to disclose to the Government Defendant's bar complaint or his letters to counsel and to this Court requesting their withdrawal. Complaints to the Maryland Bar Counsel are confidential and Mr. Kemache-Webster's letter to counsel is covered by the Attorney-Client privilege. Accordingly, the Government's Motion to Compel Disclosure of Complaint Against Counsel [ECF No. 75] will be denied, and a copy of this opinion will be forwarded to Maryland Bar Counsel.

A separate order follows.


April 12, 2011                                    _____/s/_____
Date                                             Roger W. Titus
                                                 United States District Judge