IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **FRANESIOUR B. KEMACHE-WEBSTER** | * |
| Petitioner, | * |
| v. | * |
|  | *   Case No.: RWT 10cr654 |
| **UNITED STATES OF AMERICA** | * |
| Respondent. | * |

### MEMORANDUM OPINION AND ORDER

After a three-day trial beginning on April 19, 2011, a jury returned a verdict finding the Petitioner guilty as to one count of Coercion and Enticement of a Minor pursuant to 18 U.S.C. § 2422(b). ECF Nos. 96, 97. On August 5, 2011, this Court entered a Judgment sentencing the Petitioner to a term of life imprisonment. ECF No. 127. On June 2, 2014, the Petitioner filed a "Notice/Request to Come Forward with a Rule 33 Motion" and a Motion to Inspect Grand Jury Minutes.[1] ECF Nos. 168, 169. The Government responded to both motions. ECF Nos. 171, 172.

Rule 33 of the Federal Rules of Criminal Procedure provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." The verdict was reached on April 21, 2011. There is currently no appeal pending as the Fourth Circuit entered a judgment affirming the conviction on November 28, 2012 and a request for hearing *en banc* was denied. ECF Nos. 162, 164. The

---

[1] The Petitioner has also filed two motions styled as Motions to Proceed in Forma Pauperis. ECF Nos. 167, 170. After reviewing the motions, it is clear that the Petitioner is actually requesting copy work at the Government's expense. The Petitioner has failed to discuss with specificity the basis for his request for a copy of the docket sheet and these motions shall therefore be denied.

Petitioner's request to file a Rule 33 motion is clearly untimely as it was filed over three years after the guilty verdict and will therefore be denied. *See e.g., U.S. v. Gattis*, 342 Fed.Appx. 879, 2009 WL 2843557 (4th Cir. Aug. 26, 2009).

The Petitioner's motion to inspect grand jury minutes will also be denied. The Court can authorize the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(E)(ii). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosures is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). The Petitioner does not meet any of the criteria articulated by the Supreme Court in *Douglas Oil*. He fails to provide any factual basis for his claims, does not narrowly structure his request, and is clearly embarking on a fishing expedition. The Petitioner's purely speculative allegations clearly do not outweigh the need for secrecy in grand jury proceedings. *See Douglas Oil*, 441 U.S. at 218. Accordingly, it is this 10th day of June, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Request to Come Forward with a Rule 33 Motion (ECF No. 168) is **DENIED**; and it is further

**ORDERED**, that the Motion to Inspect Grand Jury Minutes (ECF No. 169) is **DENIED**; and it is further

**ORDERED**, that the motions styled as "Motions to Proceed in Forma Pauperis" (ECF Nos. 167, 170) are **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE