IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FRANESIOUR B. KEMACHE-WEBSTER | * | |
| Petitioner, | * | |
| v. | * | Case No.: RWT 10cr654 |
|  | * | (Case No.: RWT14cv2005) |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

## MEMORANDUM OPINION AND ORDER

After a three-day trial beginning on April 19, 2011, a jury returned a verdict finding the Petitioner guilty as to one count of Coercion and Enticement of a Minor pursuant to 18 U.S.C. § 2422(b). ECF Nos. 96, 97. On August 5, 2011, this Court entered a Judgment sentencing the Petitioner to a term of life imprisonment. ECF No. 127. On June 2, 2014, the Petitioner filed a "Notice/Request to Come Forward with a Rule 33 Motion" and a Motion to Inspect Grand Jury Minutes. ECF Nos. 168, 169. On June 11, 2014, this Court denied both motions. ECF No. 173.

Since then, the Petitioner has submitted numerous filings, some requesting that the Court reconsider its previous rulings and others raising new issues related to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. Three of Petitioner's Motions relate to this Court's June 11, 2014 judgment denying his motion for a new trial. He filed a "Motion Request for Leave to File a Supplemental to Come Forward to File a Rule 33(b)(1)" (ECF No. 175), a "Motion to Amend Motion to Inspect Grand Jury Minutes" (ECF No. 176), and a "Motion for Reconsideration of Rule 33(b)(1) Filing of Newly Discovered Evidence" (ECF No. 177).

1

Four of Petitioner's filings relate to his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255: a "Motion Request to Set as Place-Holder Towards Filing Writ of Error Under Title 28 Section 2255" (ECF No. 174); a "Motion to Set Aside, Correct or Vacate Sentence Under § 2255" (ECF No. 178); a "Notice to File Writ of Error § 2255" (ECF No. 181); and a "Ex Parte Communique" asking for an extension of time to supplement the motion under § 2255 (ECF No. 182). In addition, he has filed a Motion to Proceed in Forma Pauperis and a Motion to Appoint Counsel to assist with his motion to vacate, set aside, or correct sentence (ECF Nos. 179, 180).

<u>Motions for Reconsideration of Denial of Rule 33 Motion</u>

Rule 33 of the Federal Rules of Criminal Procedure provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." The Petitioner's request to file a Rule 33 motion is clearly untimely as it was filed over three years after the guilty verdict. *See e.g., U.S. v. Gattis*, 342 Fed.Appx. 879, 2009 WL 2843557 (4th Cir. Aug. 26, 2009). The Petitioner argues that he was confused about the date from which the three year time period began to run and that this should constitute "excusable neglect" under Federal Rule of Criminal Procedure 45. ECF No. 177 at 4. However, the Supreme Court has held that Rule 33 deadlines are "rigid" and that courts "'may not extend the time to take any action under [Rule 33], except as stated' in Rule 33 itself." *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (quoting Fed. R. Crim. P. 45(b)(2)) (alterations in original). *See also*, *United States v. Queen*, 93-0366, 2014 WL 3499230 (D. Md. July 14, 2014).

Even if the Court were inclined to consider this motion, "motions for reconsideration of final judgments or orders in criminal cases are not authorized by either statute or the Federal Rules of Criminal Procedure." *United States v. Moore*, 13-7930, 2014 WL 2142111

2

(4th Cir. May 22, 2014). In *Moore*, the Court upheld a district court's denial of a motion to reconsider because "the court lacked authority to grant reconsideration of its order denying a new trial." *Id.* Therefore, the Petitioner's motions requesting reconsideration of this Court's order denying his motion for a new trial (ECF Nos. 175, 177) will be denied.

The Petitioner's Motion to Amend his Motion to Inspect Grand Jury Minutes requests that this Court allow him to correct "typographical errors … which the petitioner would like to have corrected for the records." ECF No. 176 at 2. As the Motion to Inspect Grand Jury Minutes has previously been denied, the Court will deny the motion to amend typographical errors as moot.

<u>Motions Relating to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence</u>

As the Petitioner has now filed a proper motion under 28 U.S.C. § 2255, the "Motion to Set as Place-Holder" (ECF No. 174) shall be denied as moot. This is Petitioner's first Motion to Vacate and it appears to be timely filed. The Government shall, therefore, be required to file an Answer. Petitioner has, however, also filed a request for extension of time to supplement his motion (ECF No. 182). That request appears reasonable and will be granted to and including September 8, 2014. As such, the government shall not be required to file an answer at this time.

Petitioner also filed a Motion to Appoint Counsel. ECF No. 180. Because Petitioner is able to adequately articulate his claims, the claims do not appear unduly complex, and an evidentiary hearing is not required, the Court does not find that the interests of justice require the appointment of counsel and will therefore deny his motion. 18 U.S.C. § 3006A(a)(2)(B) (2010); Rule 8(c) of the Rules Governing § 2255 Proceedings. Furthermore, Petitioner's Motion to Proceed in Forma Pauperis, ECF No. 179, will be denied as unnecessary because there is no

filing fee in § 2255 proceedings. Accordingly, it is this 5th day of August, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Motion to Set as Placeholder (ECF No. 174) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Motion/Request for Leave to File a Supplemental to Come Forward to File a Rule 33(b)(1) (ECF No. 175) is **DENIED**; and it is further

**ORDERED**, that the Motion to Amend Motion to Inspect Grand Jury Minutes" (ECF No. 176) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Motion for Reconsideration of Rule 33(b)(1) Filing of Newly Discovered Evidence (ECF No. 177) is **DENIED**; and it is further

**ORDERED**, that the Motion to Proceed in Forma Pauperis (ECF No. 179) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Motion to Appoint Counsel (ECF No. 180) is **DENIED**; and it is further

**ORDERED** that the Petitioner's "Ex Parte Communique/Motion for Extension of Time" (ECF No. 182) is **GRANTED** to the extent that the Petitioner shall have until September 8, 2014 to supplement his motion filed under 28 U.S.C. § 2255.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE