IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND
GREENBELT, MARYLAND

MR. FRANÇSIOUR B. KEMACHE-WEBSTER
# 42459-007
    Petitioner,   :  Case No.:
                 To Be Assigned
               Reflecting:
               9:10-MJ-4035-PMF(7thCir.)
               8:10-3343-WC(4th Cir.)
               8:10-00654(RWT)
       AUG 2 5 2014   8:11-4801 U.S.C.A.
v.                4:13-9451 U.S.S.C.
               7:13-9451 U.S.S.C.
THE UNITED STATES OF AMERICA
    Respondant,  :  Motion:
                 To inspect The
                 Grand Jury Minutes

...oooOOOOOOOooo...
MOTION
TO INSPECT GRAND JURY MINUTES

COMES NOW, THE PETITIONER, [KEMACH-WEBSTER]; known by these truths to all as Mr. Françsiour B. KeMache-Webster; by and through the acts of Pro-se.

The Petitioner; respectfully moves this Honorable Said Court for an ORDER permitting him to be granted leave to inspect the minutes of the U.S. Grand Jury, who presided over the petitioner's matter to indict him on that of: October 25, 2010; in a one count indictment of 18 USC § 2422(b) to that of the charge of Coercion & Enticement one (1) count. The Petitioner makes this request on the grounds that the indictment may have been obtained in bad faith efforts, based on recent fact findings that have been presented by the Petitioner, before this Honorable Said Court, within that of the most recent past 45 days.

The Petitioner, also makes this request based on the fact that the Grand Jury Minutes did not remain in secrecy, that the information was posted as early as December 2010 to January 2011, way before Pre-trial, or Trial.

See Attached Exhibits "FKW-A1" & "FKW-A2"

The Petitioner, does so declare Pursaunt To: 28 USC § 1746, under the penalties of perjury that all the information given is true, correct & accurate to the best of his abilities and knowledge, on this 21 day of July, in the year 2014.

                Respectfully presented;
                Mr. Françsiour B. KeMache-Webster
                USM # 42459-007
                FCC - CMU Terre Haute
                P.O. Box - 0033
                Terre Haute, Indiana 47808

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND
GREENBELT, MARYLAND

MR. FRANÇSIOUR B. KEMACHE-WEBSTER
# 42459-007

        Petitioner,

Case No.: _____
To Be Assigned
Reflecting:
9:10-MJ-4035-PMF (7th Cir.)
8:10-3343-WC (4th Cir.)
8:10-00654-(RWT)
8:11-4801 U.S.C.A.
4:13-9451 U.S.S.C.
7:13-9451 U.S.S.C.

v.

THE UNITED STATES OF AMERICA
        Respondant,

Notice Of Motion To Inspect
The Grand Jury Minutes

...oooOOOOOOOooo...

NOTICE
OF
MOTION
TO INSPECT THE GRAND JURY MINUTES

COMES NOW & PLEASE TAKE NOTICE: that upon the annexed duly verified affidavit of: Mr. Françsiour B. KeMache-Webster's instant offense of: Title 18 of Section 2422(b) Coercion & Enticement; of the indictment herein, and all of the given proceedings herein had, the undersigned will, shall and must move this Honorable Said Court.

1. For an order pursuant to Rule 6(e) of the Federal Rules of Criminal Procedures permitting the petitioner to inspect the minutes of all proceedings before the Grand Jury of the United States Court of the Southern District of Maryland, Greenbelt, for the above styled captioned case; which occured on the date of: on or about October 25, 2010, with a TRUE BILL, inconclusive & directing the United States Attorney for the Southern District of Maryland, to make available to petitioner a copy of such said minutes upon the grounds that matters occured before such Said Grand Jury, which may constitute grounds for entered motion to Seek / Reconsider Rule 33 and to Expand The Record.   and;

2. In the alternative, for an order pursuant to Rule 6(e) of the Federal Rules of Criminal Procedures, permitting the petitioner to inspect the minutes of certain parts of the proceedings before the aforesaid Grand Jury Minutes to wit.   and;

(a) That the testimony given by the government and its witness[Mrs. Morch-Tobe] on or about October 25, 2010; and its proceedings before the Grand Jury was [NOT] completely, true, accurate or forth-coming, [NOR] kept in secrecy.

(b) That the testimony given by the government and its witness [Mrs. Morch-Tobe] on or about October 25, 2010; and its proceedings before the Grand Jury was presented before the Grand Jury in bad faith, that the information that was provided to the Grand Jury was incontradiction to the Trial as well as in direct contradiction to the Direct Appeal, as provided and shown by the given petitioner in his enetered Reconsideration of Rule 33, and pursuant to Rule 6(e) of the Federal Rules of Criminal Procedures.

3. That the petitioner's claim the government's charging doucument e.g. the indictment is (sic) factually and facially defective, and that the witness, [Mrs. Morech-Tobe] and the government knowingly and intentionally [] misued and decieved the Grand Jury to obtain the charging document e.g. indictment.

(a) That the support of this claim is based in-part on the presentment of the evidence placed before this Honorable Said Court under the petitioner's Reconsideration of Rule 33 and the Title 28 Section 2255 brief's appendix.

(b) That the petitioner has shown a " particularized need " in his request for the Grand Jury Minutes, based on the presentments porovided to this Honorable Said Court from the documents, evidence, files, materials & transcripts that the petitioner has presented before this Honorable Said Court through his own diligence and zealousness, by means of independent & outside sources & resources.

Parties seeking Grand Jury Minutes / Transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed See:
   United States v. Anderson, No.2:94-cr-163, 1997 U.S. Dist. Lexis 3567
                                (1997 WL 138970 @ *2 (E.D. Va. 03/14/1997)

Accodingly: upon a showing of a "particularized need" the court may grant disclosure of matter involving Grand Jury proceedings.

(i) PRELIMINARILY: to or in connection with a judicial proceeding [or],
(ii) at the request of the defendant who shows that a ground may exist to dismiss the idictment because of a matter that occured before the Grand Jury.
...Federal Rules of Criminal Procedure § 6(e)(3)(E)   and   See:
   United States v. Proctor & Gamble Co, 356 U.S.677, 681-82, 78 S.Ct.
                                983 2 L.Ed 2d 1077 (1958)

In certain situations disclosure of Grand Jury Minutes & Transcripts is appropriate where justice does so demands.

The appropriateness in the petitiioner's matter is like that of the actions and matters found in <u>United States v. Proctor & Gamble Co.</u>, 356 U.S. 677, 681-82, 78 S.Ct. 983, 2 L.ed 2d 1077 (1958) (citing....)

Without access to the Grand Jury Minutes, a defense would be greatly prejudiced or " an injustice would be done." also stating ....

Once the " particularized need " is demonstarted the defendant must show that the necessity for the disclosure outweights the need for continued secrecy, and that the request is structured to cover only the essential material(s).

A "particularized need" is defined as a showing that the suit for which the transcripts / minutes is desired is not friviolous and that the transcripts / minutes is necessary to descide the issues presented.

Quoting:
<u>United States v. MacCollum</u>, 426 U.S. 317, 309-323, 6 S.Ct. 2086 48 L. Ed 2d 666 (1976) (stating..

Since there's no constitutional requirement to a defendant to be provided free transcripts / minutes in order to collateral attack a conviction or sentence the defendant must show a "particularized need" for the documents, minutes / tran- scrpits. <u>United States v. MacCollum</u>, 426 U.S. 317, 309-23, 6 S.Ct. 2086 48 L. Ed 2d 666 (1976) &

<u>Morin v. United States</u>, 522 F.2d 8, 5 (4th Cir. 1975) &

also   <u>McQueen v. United States</u>, No. 5:09-cr-253-F, 2012 U.S. Dist Lexis 9736 @ *3 (E.D.N.C. 01/27/2012)

Stating....Under Section 753(f) of Title 28 of the United States Code addresses the circumstamnces under which documents may be provided to that of indigent criminal defendants at the governments expense.

Under 753(f) it provides in pertinent part:

That the United States <u>shall</u> pay the fee for the transcripts, documents/ minutes to be furnished to a person permitted to bring under an action 2255 in forma pauperis, and that since there is no constitutional requirement to a defendant to be provided free transcripts, documents / minutes in order to collateral attck a conviction or sentence, the must show a " particularized need " for the transcripts, documents / minutes.

See:
   <u>Motion To Inspect The Grand Jury Minutes</u>

<u>United States v. Bullock</u>, (1971 CA5 Fla) 448 F2d 728 (inspection allowed to see if 12 jurors had voted for the indictment).

<u>Federal Rules of Criminal Procedure</u>, Rule 6(e)(3)(C)(ii) (disclosure of grand jury proceedings may be permitted by court at request of defendant upon showing that there may be grounds because of matters occuring before grand jury "). See also

<u>United States v. McMahon</u> (1991 CA1 NH) 938 F.2d 1501, 34 Fed. R. Evid Serv. 516 (defendant entitled to review grand jury testimony of witness given five years earlier for the purpose of the rehabilitating witness, where prosecution had used excerpts from testimony to impeach witness);

<u>United States v. Dynalectric Co.</u>, (1998 CA11 Ga.) 859 F.2d 1559, 1988-2 CCH Trade Cases ¶ 68347, 27 Fed. R. Evid Serv. 1057, 109 ALR Fed. 575, later proceeding 274 US App. DC 74, 861 F.2d 730, 1988-2 CCH Trade Cases, ¶ 68332, 27 Fed. R. Evid Serv. 304 and cert. denied 490 US 1006, 104 L.Ed 2d 157 109 S. Ct. 1641, 109 S.Ct. 1642; and

<u>Paxon Electric Company v. United States</u>, (1989) 490 US 1006, 104 L.Ed 2d, 157, 109 S.Ct. 1642 (pre-trial In Camera examination of grand jury materials proper to resolve claim that the gov't had improperly used grand jury testimony given by defendant under grant use of immunity to obtain indictment and conviction).

For a party seeking disclosure of Grand Jury Minutes / Transcripts under Fed. R. Crim. P 6(e), the party [MUST] demonstrate a <u>particularized need</u>. To meet the <u>particularized need</u> standard a party [MUST] establish that:

1. The material sought is necessary to avoid a possible injustice in another judicial proceeding.
2. The need for disclosure outweighs the need for continued secrecy, and
3. The request is structured narrowly to cover only material needed.

To establish prejudice, at least; when an unconstitutional error is alleged, the defendant must show " that the violation substantially influenced the Grand Jury's decision to indict, or.... there is 'grave doubt' that the decision to indict was free from substantial influence of such violation(s)."

See:
<u>United States v Heffington</u>,[2] 682 F.2d 1075, 1080 (5th cir. 1982)(dismissal of indictment justified only if prosecutor's prejudicial remarks so biased that the grand jurors' vote was based on that bias & prejudice);

<u>United States v. Thompson</u>, 287 F.3d 1244, 1253-54 (10th Cir. 2002)(indictment dismissed after being impoperly sealed and opened after statue of limitations had in fact expired.)

Lastly there's 18 USC § 3500(b): The Jencks Act: which provides;

When and if; after a witness is called by the United States has testified on direct examination, the court <u>shall</u>, on motion of the defendant, order the United States Government to produce any statements (as herein defined) of the witness, in the possession of the United States Government which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relates to the subject matter of the testimony of the witness, the court <u>shall</u> order it to be delivered directly to the defendant for his use & examination of the doucuments, minutes / transcripts.

---

[2] Walter Merle Heffington, 682 F.2d 1075(5th Cir. 08/02/82)  The Fifth Amen. U.S. Const. provides improper remarks made by a prosecutor, can only justify dismissal of the indictment, if such remarks are so biased the grand jury, that their votes are based upon their bias.

-4-

WHEREFORE:

The Petitioner, [KEMACHE-WEBSTER] prays;

That this Honorable Said Court, accept and adopt the petitioners motion in light of his filing of his Reconsideration of Rule 33, Writ of Error under Title 28 Section 2255 & Expanding The Record under Title 28 Section 2255 of Rule 7, Governing Habeas Corpus.

That this Honorable Said Court, grant this motion and any and all further reliefs that this Honorable Said Court may deem needed, required and necessary.

Respectfully submitted;

21 July 2014

Mr. Frangsiour B. KeMache-Webster
USM # 42459-007
FCC - CMU Terre Haute
P.O. Box - 0033
Terre Haute, Indiana 47808

CERTIFICATE OF SERVICE

HEREIN: THE PETITIONER, [KEMACHE-WEBSTER]; certifies that on this 21rst day of July 2014; that pursuant to Title 28 Section 1746, that all information is true, correct and accuarte as known to the petitioner.

HEREIN: THE PETITIONER, [KEMACHE-WEBSTER]; also certifies that this was mailed U.S. Postage pre-paid to the U.S. District Court Clerk for the Southern District of maryland, Greenbelt.

HEREIN: THE PETITIONER, [KEMACHE-WEBSTER]; lastly certifies that directed to the U.S District Court Clerk for the Southern District of Maryland, Greenbelt; in the form of a cover missive, to please forward to all parties that are involved in the the above styled caption action & matters.

Respectfully submitted w/request;

/s/
Mr. Frangsiour B. KeMache-Webster

FOR THE FOURTH CIRCUIT OF MARYLAND
GREENBELT, MARYLAND

MR. FRANCSIOUR B. KEMACHE-WEBSTER
# 42459-007
          Petitioner,

v.

THE UNITED STATES OlF AMERICA
          Respondant,

Case No.: 10-0654-(RWT)

FILED ___ ENTERED
LODGED ___ RECEIVED

AUG 2 5 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

Memorandum In Support Of
Motion For Discovery Of
The Grand Jury Minutes

....ooo00000ooo....

MEMORANDUM
IN SUPPORT OF
MOTION FOR DISCOVERY OF THE GRAND JURY MINUTES

I. INTRODUCTION

The Petitioner, [KEMACHE-WEBSTER], has moved this Honorable Said Court to order the Government to disclose specific information and documents that are relating to the Grand Jury investigation and indictment in this above styled captioned case, pursuant to Fed. R. Crim. P.6(e)(3)(C)(ii), to ensure that no abuse or defect of the grand jury proceedibgs exist, which would aid, assist, help and support a warrant of dismissal and / or to seek a Rule 35 pursuant to Fed. R. Crim. P. against [KEMACHE-WEBSTER]; whom comes forward as Pro se, with a good faith basis in believing such abuse or defect may have occured.

II. ARGUMENT

The trial judge, in his discretion, may relaese such grand jury materials and / or transcripts to the petitioner, [KEMACHE-WEBSTER], at his request provided the petitioner, [KEMACHE-WEBSTER], shows that there may be grounds for a dismissal or a new trial, because of matters occurring before grand jury.
* Pursunat to: Rule: 6(e)(3)(C)(ii), and also under;
United States McMchon, 938 F. 2d 1501, 34 Fed. R. Evid. Serv. 516 (1st Cir. 1991)

In order for such a diclosure of grand jury materials to be ordered by the Court, [KEMACHE-WEBSTER] must make a showing that there exists a "particularized need" for such disclosure. United States v. Bertucci, 333 F.2d 292, 297 (3rd Cir. 1964). In order for [KEMACHE-WEBSTER] to meet the "particularized need" test he must show:

(1) That the need for the disclosure outweighs the need for secrecy;

(2) That the materials are necessary to avoid injustice; and

(3) That the request is structured to cover only those materials that are needed. Id. @ 596.

In the instant case, the disclosure of the requested grand jury material clearly outweighs the need for secrecy. [KEMACHE-WEBSTER] is charged with the crime of Coercion & Enticement, under Title 18 Section 2422(b), he was there fore convicted [NOT] by a jury of his peers, but by a jury of (12) women and sentenced to a term of LIFE in incarceration.

More importantly, Rule: 6(e)(2) of: The Federal Rules of Criminal Procedure prohibits grand jurors, governmnet attorneys, and government personnel assisting government attorneys from disclosing grand jury matters. Interpreters, operators of recording devices, stenographers, typist who transcribe recorded testimony & all others whom are similarly situated are similarly prohibited from disclosing grand jury matters. If a grand jury target offers "PRIMA FACIE" evidence that the government or its agents have improperly disclosed grand jury information, than the district court must hold an evidentary hearing and may provide equitable and torlerable relief. The prohibition is also read broadly to prevent disclosure of all matters occuring before the grand jury, not just tesitimony. [KEMACHE-WEBSTER] can show that such disclosure was presented while it was under seal to media or its progeny, which is [NOT] harmless error, but in fact "PLAIN ERROR".

Therefore, it is essential that [KEMACHE-WEBSTER] be provided disclosure of the specific grand jury materials / transcripts requested in order that he be given a more vible and realistic opportunity to file a motion which would aid, assist, help and support a warrant of dismissal and / or to seek a Rule 35 evidentary hearing on the filings he is to present. The request is based on the immediate abuse and / or defect of the grand jury proceeding he wishes to therefore uncover and present before this Honorable Said Court.

In the instant case, [KEMACHE-WEBSTER], is aware that the Government or its witness may have presented perjured testimony to the Grand Jury. An In-camera was conducted for the Government witness / victim, which was not presented at trial, for inconsistancies and uncooperation during the interview, yet testimony from the witness / victim was used and addressed, which was different from the in-camera interview. That same inconsistantcies & uncooperated statements that

were given during the in-camera, were perhaps the exact same inconsistencies an uncooperated statements that were presented to the Grand Jury nearly a month or so later. It is reasonable to infer that Government witness / victim's statement may have been presented similar false testimony, either in in-camera testimony or through the government attorneys and / or the agents that were involved in the in-camera interview, which had addressed the witness / victim as to fabrication and not telling them the truth. Such information at a bare minimum is exculpatory.

Further, the instance case requires disclosure where late disclosure would with-in its self inevitably violate due process because of the anticipated voluminous nature of such evidence. See: Exhibit "B" In-camera Interview notes.

See:
United States v Ahmad, 53 F.R.D. 186, 192-193 (M.D. Pa 1971)
* Government ordered to disclose all Brady Material 30 days before trial.

Paxson Electric Company v. United States, 490 US 106, 104 L.Ed 2d 157, 109 US S.Ct. 1642 (1989)
* Pretrail in-camera examination of grand jury materials proper to resolve claim that gov't had improperly used grand jury testimony given defend- dant under grant of use immunity to obtain indictment and conviction.

United States v. McMehon, 938 F.2d 1501, 34 Fed R. Evid. Serv. 56 (1 Cir. 1991)
* defendant entitled to review grand jury testimony of witness given five years earlier for purpose of rehabilitating witness, where prosecution had used excerpts from testimony to impeach witness.

The Petitioner also meets the second prong of the "particularized need" test.

As discussed above, since Bertucci, the Petitioner is limmited to making all claims regarding an abuse or defect of the grand jury proceeding pretrail. If this Honorable Said Court denies [KEMACHE-WEBSTER]'s disclosure of the grand jury material / transcripts that he has requested, the Petitioner in essence is denied the open opportunity to raise and preserve any constitutional claims that he may be having or may be arising from the abuse or defect of the grand jury proceeding which culminated his indictment. There are several other abuses or defects that would warrant dismissal of the instant cases indictment or for the Petitioner to seek a Rule 35. For instance, the Government may have violated the strict secrecy requirements as prescribed by Rule 6(d) of the Federal Rules of Criminal Procedure.

See:
United States v. Furman, 507 Fed. Supp. 848, 853 (D.Md 4th Cir. 1981)
United States v. Echols, 542 F.2d 948, 951 (5th Cir. 1976)

See: Exhibit "C" newspaper / media announcements.

Secondly, the Government may have violated its ethical and Fifth Amendment duty to present exculpatory evidence to the grand jury.

See:
United States v. Samango, 607 F.2d 877, 881 (9th Cir. 1979)
United States v. Provenzano, 440 Fed Supp. 561, 564 (S.D.N.Y. 1977). Clearly, any failure to disclose the fact that the Governments witness / victim gave any type of false testimony or the Governments main witness Mrs. Morch-Tobe, the mother of the witness / victim and ex-spouse of the Petitioner, would violate this duty. The issue of whether the Government has such an obligation remains an open issue in the Third Circuit. United States v. Johns, 742 F. Supp.196, 223 n.33 (E.D. Pa. 1990) citing United States v. Ismaili, 828 F.2d 153, 165 n. 13 (3d Cir. 1987) cer.denied 485 U.S. 935 (1988).

Thirdly, the grand jury may have been presnted with hearsay testimony evidence under the guise of eye-witness testimony.

See:
United States v. Estepa, 471 F.2d 1132 (2nd Cir. 1972).
In re Grand Jury Proceedings, 417 F.3d 18, 26 (1st Cir. 2005)

Fourthly, the grand jury may have been presented with other improperly instucted evidence.
See:
United States v. Garrett, 797 F.2d 656 (8th Cir. 1986)

Fifth, the grand jury may have been improperly instructed on the applicable law.

See:
United States v. Williams, 378 F. Supp. 61, 64 W.D. Mo. 1974).

However, unless the Petitioner is granded discolsure of the grand jury materials / transcripts that he's requested, the Petitioner cannot substantiate any claim and faces the potential of waivering his right to raise such claims if their existence surfaces at a later time.

[KEMACHE-WEBSTER] has also specifically limited his request as required by the third prong of the " particularized need " test.

He has only requested that information regarding the grand jury that would allow him to determined that any abuse or defect of the grand jury proceeding exists.

At minimum, if this Honorable Said Court denies disclosure of this requested grand jury materials / transcripts to the petitioner, it is respectfully submitted that this Court should conduct an in-camera proceeding to review the grand jury record to determine whether there was any abuse or defect in the Petitioner's

grand jury proceedings.
See:
United States v. Edelson, 581 F.2d 1290, 1291-92 (7th Cir. 1978) cert. denied 440 U.S. 908 (1979).

## CONCLUSION

Based upon the foregoing, the Petitioner, [KEMACHE-WEBSTER] doth so ask and humbly requests before this Honorable Said Court to enter an order therein granting this relief requested and for any and all such further relief that this Honorable Said Court may deem needed, required, proper and necessary.

21 July 2014

Respectfully submitted;

Mr. Francsiour B. KeMache-Webster
USM # 42459-007
FCC-CMU Terre Haute
P.O. Box - 0033
Terre Haute, Indiana 47808

## CERTIFICATE OF SERVICE

HEREIN: I THE PETITIONER, [KEMACHE-WEBSTER], certify that on this 21ust day of July, 2014 — that all of the above information is true, correct and accurate to the best of his abilities and knowledge.

HEREIN: I THE PETITIONER, [KEMACHE-WEBSTER], also certifies that this was mailed by U.S. Postage pre-paid mail to the United States district Court Clerk of Greenbelt, Maryland.

HEREIN: I THE PETITIONER, [KEMACHE-WEBSTER], lastly certifies that this was directed to the United States District Court Clerk of Greenbelt, Maryland by cover letter to forward to all parties involved in the above styled caption matter.

Respectfully submitted;

/s/
Mr. Francsiour B. KeMache-Webster
USM # 42459-007
FCC-CMU Terre Haute
P.O. Box - 0033
Terre Haute, Indianan 47808

- 5 -