```
            IN THE UNITED STATES DISTRICT COURT
                          FOR
            THE SOUTHERN DISTRICT OF MARYLAND
                   GREENBELT, MARYLAND
```

MR. FRANÇSIOUR B. KEMACHE-WEBSTER
42459-007
    Petitioner,   :   Case No.: 14-2005(RWT)
            :  Reflecting:
            :    2009-CF2-019166 (D.C. Superior Ct.)
            :    2010-NEG-174,175 & 176 (D.C. Spr. Ct.)
            :    2010-MJ-4035-PMF (7th Cir.)
            :    2010-3433-WC (4th Cir.)
            :    2010-00654-(RWT) (4th Cir.)
            :    2011-4801- U.S.C.A. (4th Cir.)
v.             :    2013-9451-SS.C.O.T.U.S.

THE UNITED STATES OF AMERICA :
    Respondant, : Motion:
           :   Expanding The Record
           :  [Pursuant To: Fed R. Civ. P. § 7]
           :

····ooo00O0ooo····

```
             MOTION
        EXPANDING THE RECORD
 [PURSUANT TO: FED. R. CIV. P. § 7]
```

> Yet since, Thy Hand did build my Frame
> With Pow'r and Skill Devine,
> And in my Life Thy glorious Name
> Does more illustrious shine;
> O! let me still exist, - But to Thy Praise,
> That out of Nothing did me raise.
>
>     -Samuel Davies-
>  Of Him, and thro' Him,
>  and to Him, are all Things.
>  -Romans II, ultimo-
>    (1723 - 1761)

Expanding The Record Rule § 7
Rules Governing Habeas Corpus § 2255

(a) General: If the petition is not dismissed, the Judge may direct the parties to expand the record by submitting additional materials relating to the petition. The Judge may require that the materials be authenticated.

(b) Type of Materials: The materials that may be required; include: letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the Judge. Affidavits may also be submitted and considered as also a part of the record.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND
GREENBELT, MARYLAND

MR. FRANÇSIOUR B. KEMACHE-WEBSTER
42459-007
        Petitioner,

v.

THE UNITED STATES OF AMERICA
        Respondant,

Case No.: 14-2005(RWT)
Reflecting:
 2009-CF2 -019166 (D.C. Sprr. Ct.)
 2010-NEG-174,175 & 176 (D.C. Sprr. )
 2010-MJ-4035-PMF (7th Cir.)
 2010-3433-WC  (4th Cir. )
 2010-00654-(RWT) (4th Cir.)
 2011-4801- U.S.C.A. (4th Cir.)
 2013-9451- S.C.O.T.U.S.

Motion:
  Expanding The Record
  [Pursuant To Fed. R. Civ. P. § 7]

....ooo00000ooo....
MOTION
EXPANDING THE RECORD
[ Pursuant To Fed. R. Civ. P. § 7 ]

COMES NOW, THE PETITIONER, [KEMACHE-WEBSTER]; known by these truths to all men as Mr. Françsiour B. KeMache-Webster, in representation of him-own-self, as a Pro-se litigant in this above styled captioned matter.

The Petitioner, does come before this Honorable Said Court, with his open request in the form of this Motion: Expanding The Record; Pursuant To: 28 USC § 2255 Rule 7(a)(b), & (c).

The Petitioner, [KEMACHE-WEBSTER], states as thus:

1. This motion is filed based on pleadings and papers that are already either on file in this action or on pleadings and papers that are on file in an on-going civil matter that is very closely related to this current matter and also affects these current actions of this said matter.

2. The accompaning motions that are being presented hereinto this Honorable Said Court contains documentation, pleadings, papers and verifications that were [NOT] presented at Pre-Trial, Trial or Sentencing, [NOR] were made available until the Petitioner's supplemental filings of his Direct Appeal had been entered and were already in place, which did not give him the ample time or accessability to use what is and has been brought forth.

The Petitioner, [KEMACHE-WEBSTER], states as thus:

That Pursuant To: 28 USC § 1746; under the penalties of perjury,

That all the information given is true, accurate & correct; to the best of my acknowledgement & abilities, on this 15th day of January 2015.

Expanding The Record:
Rule 7(b) Governing 28 USC § 2255
Provides that:

The record may be expanded to include additional materials relevent to the merits of the petition, motion and/or brief.

Subdivison (b) specifies the materials which may be added to the record.

These include; without limitations; letters predating the filing of the petition, motion, brief and/or affidavit in the district court, documents, exhibits, and answers under oath directed to written interrogatories that were propounded by the judge.

Under this subdivision affidavits may be submitted and considered as a part of the record.

Subdivision (b) is consistent with Title 28 Section(s) 2246 & 47 and the decision in Raines, with regards to types of materials that may be considered upon application for a writ of habeas corpus.

See: Raines v. United States, 423 F.2d 526, 529-30 (th Cir. 1970)
United States v. Carlino, 400 F.2d 56, 58 (2nd Cir. 1968)
Machibrada v. United State, 368 U.S. 487 (1962)

Also see Federal Rules of Civil Procedure 12, Rules Governing Section 2255 of Title 28 Proceedings. ("The Federal Rules of Criminal Procedure and Federal Rules of Civil Procedure, to the extent that they are [NOT] at all inconsistent with any statutory provisions or these ruling, may be applied to a proceeding under these rules").

Accordingly; parties foregoing Rules Governing Section 2255 Proceedings have been given a reasonable opportunity to present all of the materials that are pertinent to the petition, motion and / or brief. "Fed. R. civ. P. 12(d)".

Even in / under the Administrative Procedures Act, record review cases, circumstances may justify " expanding the recod " or permitting discovery, including such a failure in the record to explain administrative actions as to frustrate judicial review, the petitioner's reliance on materials or on documents not included in the administartive record, or the need to supplement the record to explain or clarify technical terms or other difficult given subject matters included in the record.

There may be circumstances to justify expanding the record or permitting discovery, including ascertaining whether the petitioner considered all the relevent factors or fully explicated its course of conduct or grounds for any

decision, situations when it appears the petitioner has relied on any documents or materials not included in the record, and other circumstances as necessary to permit explaination or clarification of technical terms or subject matter involved in the petitioner's action under review as background information.

Not only are there situations in which external information can be helpful to a court, but the D.C. Circuit has pointed out that it can be reversible error for a district court to avoid going outside the administrative record in some situations.

Extra-record evidence can be important in scenarios when a case is so complex, that a court needs more evidence to enable it to understand the issues clearly and in cases where relief is at issue, especially at the preliminary injunction stage amongst others.

Therefore:

Under 28 USC § 2255 "[T]o obtain collateral relief a prisoner must clear a significantly high hurdle than would exist on direct appeal. In Frady, 456 U.S. @ 166. Nonetheless, "unless the motion and the files and the records of the records of the case conclusively show that the petitioner is entitled to no relief the court shall.....grant a prompt hearing thereon, determine the issue and make findings of fact and conclusions of law with respect thereto, notwithstanding in order to therefore have the given petitioner clear that significantly high hurdle, he will need to obtain as much arsenal be it affidavits, documents, letters, materials & transcripts as well as any other forms or items that may assist or give assistance that is made readily available to him by all means, resources, avenues and berriers that are accesssible and possible with reasonable effectiveness & reliability.

In order to establish that fact; the fact must be fact it cannot be genuinely disputed, a party must:

a)  Cite to specific parts of the record--including disposition testimony, documentary evidence, affidavits or declarations, or other competent evidence--in suppport of; its position, or

b)  He can demonstarte that the materials relied upon by the opposing party do not actually establish the abscure or presence of a genuine dispute.

Federal Rules of Civil Procedure 56(C)(1)

WHEREFORE:

The Petitioner, [KEMACHE-WEBSTER]; prays That this Honorable Said Court grant the Petitioner the requested LEAVE and relief that this Honorable Said Court may deem needed, necessary and required; pursuant to Rule 7(b) Governing Title 28 Section 2255 and Rule 12 of Federal Rules of Civil Procedures.

Respectfully submitted;

15 January 2015

Mr. Francsiour B. KeMache-Webster
USM # 42459-007
FCC - CMU Terre Haute
P.O. Box - 0033
Terre Haute, Indiana 47808

CERTIFICATE OF SERVICE

HEREIN: THE PETITIONER: [KEMACHE-WEBSTER], certifies on this 15 day of: January, 2015; pursuant to Title 28 Section 1746 that all of the given information is true, correct and accurate under the penalties of perjury as known to the best of his ability & acknowledgement.

HEREIN: THE PETITIONER; [KEMACHE-WEBSTER], also certifies that this was mailed U.S. Postage pre-paid to the Southern District Clerk of the Court for the U.S for Maryland, Greenbelt.

HEREIN: THE PETITIONER; [KEMACHE-WEBSTER], lastly certifies that a cover missive was attached an sent to the Southern District U.S. Clerk of the Court for Maryland, Greenbelt; making a humble request to please forward to all parties involved in the above styled matter.

Respectfully submitted;

/s/
Mr. Francsiour B. KeMache-Webster